**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Slava Vaysman**, | Bankruptcy No. 23-11676 |
| Debtor. | Honorable Jacqueline P. Cox |
| **Ariane Holtschlag**, not individually but as chapter 7 trustee of the estate of Slava Vaysman, | |
| Plaintiff, | |
| v. | Adversary No. 24-_____ |
| **Zhannah Vaysman** and **Lyudmila Vaysman**, | |
| Defendants. | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS**

1. When an insolvent debtor transfers real estate to his former significant other and gets nothing in return, a chapter 7 trustee can avoid the transfers and recover their value for the estate. Here, Salva Vaysman did not get any value when he transferred his interest in two parcels of real estate to Zhannah Vaysman, who granted an unrecorded mortgage in one parcel to Lyudmila Vaysman. The transfers should be avoided and a judgment entered against Zhannah Vaysman and Lyudmila Vaysman for the value of the transfers.

—1—

## JURISDICTION AND VENUE.

2. This adversary proceeding arises in Slava Vaysman's chapter 7 bankruptcy case, which is pending before this Court as case number 23-11676.

3. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. § 157(b) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H), and this Court has constitutional authority to enter final judgments and orders herein. If a court determines that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, then Ariane Holtschlag, not individually but as chapter 7 trustee of the estate of Slava Vaysman, (the "Trustee") consents, pursuant to § 157(c), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

5. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

## COMMON FACTS.

### 1. The relationship between Slava Vaysman and Zhannah Vaysman.

6. Slava Vaysman, the debtor, was once in a long-term relationship with the defendant, Zhannah Vaysman.

7. Although the two lived together and had three children, they were not married.

8. Slava Vaysman and Zhannah Vaysman separated in October 2020.

## 2. Slava Vaysman transfers his interest in a condo to Zhannah Vaysman.

9. Before June 1, 2010, Lyudmila Vaysman (aka Lydmila Yablonskaya) owned a condominium located at 1500 Sandstone Dr., Apt. 201, Wheeling, IL 60090 (the "Sandstone Property").

10. Lyudmila Vaysman is Slava Vaysman's mother.

11. On June 1, 2010, Lyudmila Vaysman executed a quit claim deed transferring her interest in the Sandstone Property to Slava Vaysman and Zhannah Vaysman (aka Zhanna Nyuton).

12. The June 1, 2010, quit claim deed was recorded with the Cook County Recorder of Deeds on June 30, 2010, as document no. 101855006.

13. At the time of the 2010 transfer, the Sandstone Property was subject to a mortgage from Lyudmila Vaysman in favor of Washington Mutual Bank or its successor in interest.

14. The Washington Mutual mortgage was not released as part of the 2010 transfer to Slava Vaysman and Zhannah Vaysman.

15. Even though Slava Vaysman and Zhannah Vaysman owned the Sandstone Property, on or about April 8, 2021, Zhannah Vaysman and Lyudmila Vaysman entered into a contract under which Zhannah Vaysman would purchase the Sandstone Property from Lyudmila Vaysman for $140,000.

16. The transaction was delayed for various reasons for several months.

17. In December 2021, in what one of their lawyers described as a "such a goofy deal", the Vaysmans agreed to a transaction that included the following terms:

    a. Zhannah Vaysman would obtain a mortgage loan of $108,750;

—3—

    b. About $62,994.05 of the new mortgage loan proceeds would be used to pay off Lyudmila Vaysman's mortgage loan with Washington Mutual;

    c. Zhannah Vaysman would execute a promissory note and mortgage in Lyudmila Vaysman's favor in an amount necessary to ensure Lyudmila Vaysman received total value from the transaction of $140,000;

    d. The mortgage to Lyudmila Vaysman would not be recorded; and

    e. Slava Vaysman would execute a quit claim deed transferring his interest in the Sandstone Property to Zhannah Vaysman.

18. The parties went through with this "goofy" transaction.

19. On December 22, 2021, Zhannah Vaysman executed a mortgage in favor of Sprout Mortgage in the amount of $108,750.

20. The Sprout mortgage was recorded with the Cook County Clerk on January 24, 2022, as document no. 2202415095.

21. On information and belief, on December 22, 2021, funds from Zhannah Vaysman's Sprout mortgage loan were used to pay off Lyudmila Vaysman's Washington Mutual mortgage loan.

22. On January 5, 2022, JPMorgan Chase Bank, N.A., as successor to Washington Mutual, executed a release of the mortgage that Lyudmila Vaysman had granted to Washington Mutual.

23. The release of the Washington Mutual mortgage was recorded with the Cook County Clerk on January 6, 2022, as document no. 2200612065.

24. On December 22, 2021, Zhannah Vaysman executed a promissory note promising to pay Lyudmila Vaysman $73,597.62 by December 31, 2021.

25. On December 22, 2021, Zhannah Vaysman executed a mortgage in favor of Lyudmila Vaysman securing the December 22 promissory note.

26. The mortgage that Zhannah Vaysman granted to Lyudmila Vaysman was never recorded.

27. On information and belief, Zhannah Vaysman paid Lyudmila Vaysman the $73,597.62 due under the December 22 promissory note.

28. On December 22, 2021, Slava Vaysman and Zhannah Vaysman executed a quit claim deed transferring their interest as joint tenants to Zhannah Vaysman.

29. Slava Vaysman did not receive any value from any person or entity in exchange for transferring his interest in the Sandstone Property to Zhannah Vaysman.

30. Instead, all the value that Zhannah Vaysman provided in exchange for Slava Vaysman's interest was given to Lyudmila Vaysman.

31. Zhannah Vaysman and Lyudmila Vaysman knew that Slava Vaysman was not receiving any value in exchange for his interest in the Sandstone Property.

32. At the time Slava Vaysman transferred his interest in the Sandstone Property to Zhannah Vaysman, Zhannah Vaysman and Lyudmila Vaysman were familiar with Slava Vaysman's financial situation.

33. At the time of the transaction described in the preceding paragraphs, the Sandstone Property had a value of $150,000.

34. At the time of the transaction described in the preceding paragraphs, the value of Slava Vaysman's interest in the equity in the Sandstone Property was $43,502.98.

### 3. Slava Vaysman transfers his interest in the couple's home to Zhannah Vaysman.

35. On July 14, 2017, Slava Vaysman and Zhannah Vaysman purchased real estate located at 1905 McRae Lane, Mundelein, IL 60060 (the "McRae Property").

36. Although they were not married, the deed transferring the McRae property to Slava Vaysman and Zhannah Vaysman identified them as husband and wife and purported to vest title in them as tenants by the entirety.

37. As part of their purchase of the McRae Property, Slava Vaysman and Zhannah Vaysman took out a mortgage loan and granted a mortgage to LendLink Financial Inc.

38. After purchasing it and until they separated, Slava Vaysman and Zhannah Vaysman lived at the McRae Property with their children.

39. On October 17, 2020, Slava Vaysman and Zhannah Vaysman refinanced the LendLink mortgage loan, granting a mortgage to their new lender, United Wholesale Mortgage.

40. The initial amount of the United mortgage loan was $296,000, and the amount due as of August 2024 was $269,522.96.

41. On January 20, 2022, Slava Vaysman executed a quit claim deed transferring his interest in the McRae Property to Zhannah Vaysman.

42. Slava Vaysman did not receive anything of value in exchange for transferring his interest in the McRae Property to Zhannah Vaysman.

43. At the time Slava Vaysman transferred his interest in the McRae Property to Zhannah Vaysman, the McRae Property had a value of at least $401,000.

44. At the time Slava Vaysman transferred his interest in the McRae Property to Zhannah Vaysman, the value of Slava Vaysman's interest in the equity in the McRae Property was, at a minimum, between $52,500 and $65,738.52.

**4. Slava Vaysman files for bankruptcy.**

45. On September 1, 2023, Slava Vaysman filed a chapter 7 bankruptcy case.

46. In his bankruptcy schedules, Slava Vaysman discloses multiple unsecured creditors who hold claims that arose before he transferred his interests in the Sandstone Property and the McRae Property to Zhannah Vaysman.

47. Among these pre-existing creditors is Navient, which Slava Vaysman lists as having a claim of $22,944 that arose on December 26, 2006.

48. On his bankruptcy schedules, Slava Vaysman discloses that as of September 1, 2023, his assets—not including "equity" in his former residence, the McRae Property—were worth $206.50.

49. On his statement of financial affairs, as amended, the only significant asset transfers in the two years before bankruptcy that Slava Vaysman identifies are the real estate transfers to Zhannah Vaysman and a $10,000 gift to Tatiana Bazer.

50. On his bankruptcy schedules, Slava Vaysman discloses that as of September 1, 2023, his liabilities totaled $402,810.02.

51. Of these total liabilities, Slava Vaysman incurred $395,382 before he transferred his interest in the Sandstone Property on December 22, 2021.

52. Excluding the Sandstone Property or the McRae Property, at no point between December 22, 2021, and September 1, 2023, did the value of Slava Vaysman's assets exceed the amount of his liabilities.

53. The Trustee serves as the duly appointed chapter 7 trustee for Slava Vaysman's bankruptcy estate.

### COUNT 1: AVOIDANCE AND RECOVERY OF THE SANDSTONE PROPERTY TRANSFER.

54. The Trustee incorporates the allegations in paragraphs 1 to 53 above into this count.

55. Within two years before he filed for bankruptcy, Slava Vaysman transferred his interest in the Sandstone Property to Zhannah Vaysman.

56. The value of the interest that Slava Vaysman transferred to Zhannah Vaysman was $43,502.98.

57. Slava Vaysman did not receive any value from Zhannah Vaysman or any other person or entity in exchange for transferring his interest in the Sandstone Property to Zhannah Vaysman.

58. When Slava Vaysman transferred his interest in the Sandstone Property to Zhannah Vaysman, he was insolvent.

59. Zhannah Vaysman is an insider of Slava Vaysman.

60. The Sandstone Property was a significant portion of Slava Vaysman's assets.

61. Contemporaneously with Slava Vaysman's transfer of his interest in the Sandstone Property to Zhannah Vaysman, Zhannah Vaysman granted Lyudmila

Vaysman a mortgage in the Sandstone Property and promised to pay Lyudmila $73,597.62.

62. On information and belief, Zhannah Vaysman paid Lyudmila Vaysman the $73,597.62.

63. All the value that Zhannah Vaysman provided in exchange for Slava Vaysman's interest was given to Lyudmila Vaysman.

**Wherefore**, the Trustee requests that this Court enter judgment in her favor and against Zhannah Vaysman and Lyudmila Vaysman: (a) avoiding the transfer of Slava Vaysman's interest in the Sandstone Property to Zhannah Vaysman, (b) avoiding the grant of a mortgage in the Sandstone Property to Lyudmila Vaysman, (c) entering a money judgment against Zhannah Vaysman and Lyudmila Vaysman in the amount of $43,502.98 or such higher amount that is determined at trial, plus costs and expenses of this action; and (d) granting any additional relief that is appropriate under the circumstances.

### COUNT 2: AVOIDANCE AND RECOVERY OF THE MCRAE PROPERTY TRANSFER.

64. The Trustee incorporates the allegations in paragraphs 1 to 53 above into this count.

65. Within two years before he filed for bankruptcy, Slava Vaysman transferred his interest in the McRae Property to Zhannah Vaysman.

66. The value of the interest that Slava Vaysman transferred to Zhannah Vaysman was, at a minimum, between $52,500 and $65,738.52.

67. Slava Vaysman did not receive any value from Zhannah Vaysman or any other person or entity in exchange for transferring his interest in the McRae Property to Zhannah Vaysman.

68. When Slava Vaysman transferred his interest in the McRae Property to Zhannah Vaysman, he was insolvent.

69. Zhannah Vaysman is an insider of Slava Vaysman.

70. The McRae Property was a substantially all of Slava Vaysman's assets.

**Wherefore**, the Trustee requests that this Court enter judgment in her favor and against Zhannah Vaysman: (a) avoiding the transfer of Slava Vaysman's interest in the McRae Property to Zhannah Vaysman, (b) entering a money judgment against Zhannah Vaysman in the amount of $52,500 or such higher amount that is determined at trial, plus costs and expenses of this action; and (c) granting any additional relief that is appropriate under the circumstances.

Dated: December 12, 2024

Respectfully submitted,

**Ariane Holtschlag**, not individually but as chapter 7 trustee of the estate of Slava Vaysman

By: /s/ Jeffrey K. Paulsen
One of Her Attorneys

Jeffrey K. Paulsen (6300528)
Paulsen+HoltschlagLLC
1245 S. Michigan, No. 115
Chicago, IL 60605
Tel:   (847) 644-9385
E-mail: jpaulsen@ph-firm.com