# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Slava Vaysman**, | Bankruptcy No. 23-11676 |
| Debtor. | Honorable Jacqueline P. Cox |
| **Ariane Holtschlag**, not individually but as chapter 7 trustee of the estate of Slava Vaysman, | |
| Plaintiff, | |
| v. | |
| **Zhannah Vaysman** and **Lyudmila Vaysman**, | Adversary No. 24-00396 |
| Defendants. | |

## ANSWER TO COMPLAINT TO AVOID AND RECOVER TRANSFERS

Now comes Zhannah Vaysman, Defendant herein ("Defendant"), and respectfully answers Plaintiff's Complaint as follows:

1. When an insolvent debtor transfers real estate to his former significant other and gets nothing in return, a chapter 7 trustee can avoid the transfers and recover their value for the estate. Here, Salva Vaysman did not get any value when he transferred his interest in two parcels of real estate to Zhannah Vaysman, who granted an unrecorded mortgage in one parcel to Lyudmila Vaysman. The transfers should be avoided and a judgment entered against Zhannah Vaysman and Lyudmila Vaysman for the value of the transfers.

ANSWER: The Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

**JURISDICTION AND VENUE.**

2. This adversary proceeding arises in Slava Vaysman's chapter 7 bankruptcy case, which is pending before this Court as case number 23-11676.

ANSWER: The Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. § 157(b) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

ANSWER: The Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H), and this Court has constitutional authority to enter final judgments and orders herein. If a court determines that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, then Ariane Holtschlag, not individually but as chapter 7 trustee of the estate of Slava Vaysman, (the "Trustee") consents, pursuant to § 157(c), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

ANSWER: The Defendant admits that the Plaintiff is consenting to a bankruptcy judge hearing this matter.

5. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

ANSWER: The Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## COMMON FACTS.

**1. The relationship between Slava Vaysman and Zhannah Vaysman.**

6. Slava Vaysman, the debtor, was once in a long-term relationship with the defendant, Zhannah Vaysman.

ANSWER: The Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Although the two lived together and had three children, they were not married.

ANSWER: The Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Slava Vaysman and Zhannah Vaysman separated in October 2020.

ANSWER: The Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

**2. Slava Vaysman transfers his interest in a condo to Zhannah Vaysman.**

9. Before June 1, 2010, Lyudmila Vaysman (aka Lydmila Yablonskaya) owned a condominium located at 1500 Sandstone Dr., Apt. 201, Wheeling, IL 60090 (the "Sandstone Property").

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 9 of Plaintiff's Complaint.

10. Lyudmila Vaysman is Slava Vaysman's mother.

ANSWER: The Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. On June 1, 2010, Lyudmila Vaysman executed a quit claim deed transferring her interest in the Sandstone Property to Slava Vaysman and Zhannah Vaysman (aka Zhanna Nyuton).

ANSWER: The Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. The June 1, 2010, quit claim deed was recorded with the Cook County Recorder of Deeds on June 30, 2010, as document no. 101855006.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 12 of Plaintiff's Complaint.

13. At the time of the 2010 transfer, the Sandstone Property was subject to a mortgage from Lyudmila Vaysman in favor of Washington Mutual Bank or its successor in interest.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 13 of Plaintiff's Complaint.

14. The Washington Mutual mortgage was not released as part of the 2010 transfer to Slava Vaysman and Zhannah Vaysman.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 14 of Plaintiff's Complaint.

15. Even though Slava Vaysman and Zhannah Vaysman owned the Sandstone Property, on or about April 8, 2021, Zhannah Vaysman and Lyudmila Vaysman entered into a contract under which Zhannah Vaysman would purchase the Sandstone Property from Lyudmila Vaysman for $140,000.

ANSWER: The Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. The transaction was delayed for various reasons for several months.

ANSWER: The Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. In December 2021, in what one of their lawyers described as a "such a goofy deal", the Vaysmans agreed to a transaction that included the following terms:

- a. Zhannah Vaysman would obtain a mortgage loan of $108,750;

    ANSWER: Admit

- b. About $62,994.05 of the new mortgage loan proceeds would be used to pay off Lyudmila Vaysman's mortgage loan with Washington Mutual;

    ANSWER: Deny

- c. Zhannah Vaysman would execute a promissory note and mortgage in Lyudmila Vaysman's favor in an amount necessary to ensure Lyudmila Vaysman received total value from the transaction of $140,000;

    ANSWER: Admit

- d. The mortgage to Lyudmila Vaysman would not be recorded;

    ANSWER: Deny and

- e. Slava Vaysman would execute a quit claim deed transferring his interest in the Sandstone Property to Zhannah Vaysman

    ANSWER: Admit

18. The parties went through with this "goofy" transaction.

ANSWER: The Defendant admits the transaction went through.

19. On December 22, 2021, Zhannah Vaysman executed a mortgage in favor of Sprout Mortgage in the amount of $108,750.

ANSWER: The Defendant admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. The Sprout mortgage was recorded with the Cook County Clerk on January 24, 2022, as document no. 2202415095.

ANSWER: The Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. On information and belief, on December 22, 2021, funds from Zhannah Vaysman's Sprout mortgage loan were used to pay off Lyudmila Vaysman's Washington Mutual mortgage loan.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 21 of Plaintiff's Complaint.

22. On January 5, 2022, JPMorgan Chase Bank, N.A., as successor to Washington Mutual, executed a release of the mortgage that Lyudmila Vaysman had granted to Washington Mutual.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 22 of Plaintiff's Complaint.

23. The release of the Washington Mutual mortgage was recorded with the Cook County Clerk on January 6, 2022, as document no. 2200612065.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 23 of Plaintiff's Complaint.

24. On December 22, 2021, Zhannah Vaysman executed a promissory note promising to pay Lyudmila Vaysman $73,597.62 by December 31, 2021.

ANSWER: The Defendant admits a note was executed but is unaware of the exact date of execution.

25. On December 22, 2021, Zhannah Vaysman executed a mortgage in favor of Lyudmila Vaysman securing the December 22 promissory note.

ANSWER: The Defendant admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. The mortgage that Zhannah Vaysman granted to Lyudmila Vaysman was never recorded.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 26 of Plaintiff's Complaint.

27. On information and belief, Zhannah Vaysman paid Lyudmila Vaysman the $73,597.62 due under the December 22 promissory note.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 27 of Plaintiff's Complaint.

28. On December 22, 2021, Slava Vaysman and Zhannah Vaysman executed a quit claim deed transferring their interest as joint tenants to Zhannah Vaysman.

ANSWER: The Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Slava Vaysman did not receive any value from any person or entity in exchange for transferring his interest in the Sandstone Property to Zhannah Vaysman.

ANSWER: The Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Instead, all the value that Zhannah Vaysman provided in exchange for Slava Vaysman's interest was given to Lyudmila Vaysman.

ANSWER: The Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Zhannah Vaysman and Lyudmila Vaysman knew that Slava Vaysman was not receiving any value in exchange for his interest in the Sandstone Property.

ANSWER: The Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. At the time Slava Vaysman transferred his interest in the Sandstone Property to Zhannah Vaysman, Zhannah Vaysman and Lyudmila Vaysman were familiar with Slava Vaysman's financial situation.

ANSWER: The Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. At the time of the transaction described in the preceding paragraphs, the Sandstone Property had a value of $150,000.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 33 of Plaintiff's Complaint as there have been multiple transactions raised by the Plaintiff.

34. At the time of the transaction described in the preceding paragraphs, the value of Slava Vaysman's interest in the equity in the Sandstone Property was $43,502.98.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 34 of Plaintiff's Complaint as there have been multiple transactions raised by the Plaintiff.

### 3. Slava Vaysman transfers his interest in the couple's home to Zhannah Vaysman.

35. On July 14, 2017, Slava Vaysman and Zhannah Vaysman purchased real estate located at 1905 McRae Lane, Mundelein, IL 60060 (the "McRae Property").

ANSWER: The Defendant admits the real estate was purchased but doesn't recollect the exact date.

36. Although they were not married, the deed transferring the McRae property to Slava Vaysman and Zhannah Vaysman identified them as husband and wife and purported to vest title in them as tenants by the entirety.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 36.

37. As part of their purchase of the McRae Property, Slava Vaysman and Zhannah Vaysman took out a mortgage loan and granted a mortgage to LendLink Financial Inc.

ANSWER: The Defendant admits a mortgage was taken out but denies it was to Lendlink.

38. After purchasing it and until they separated, Slava Vaysman and Zhannah Vaysman lived at the McRae Property with their children.

ANSWER: The Defendant admits these allegations.

39. On October 17, 2020, Slava Vaysman and Zhannah Vaysman refinanced the LendLink mortgage loan, granting a mortgage to their new lender, United Wholesale Mortgage.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 39.

40. The initial amount of the United mortgage loan was $296,000, and the amount due as of August 2024 was $269,522.96.

ANSWER:     The Defendant admits the balance as of August 2024 is correct but has insufficient knowledge of the remaining allegations.

41.    On January 20, 2022, Slava Vaysman executed a quit claim deed transferring his interest in the McRae Property to Zhannah Vaysman.

ANSWER:     The Defendant a quit claim deed was executed but is not sure of the date.

42.    Slava Vaysman did not receive anything of value in exchange for transferring his interest in the McRae Property to Zhannah Vaysman.

ANSWER:     The Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.    At the time Slava Vaysman transferred his interest in the McRae Property to Zhannah Vaysman, the McRae Property had a value of at least $401,000.

ANSWER:     The Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.    At the time Slava Vaysman transferred his interest in the McRae Property to Zhannah Vaysman, the value of Slava Vaysman's interest in the equity in the McRae Property was, at a minimum, between $52,500 and $65,738.52.

ANSWER:     The Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

**4. Slava Vaysman files for bankruptcy.**

45.    On September 1, 2023, Slava Vaysman filed a chapter 7 bankruptcy case.

ANSWER:     The Defendant admits the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. In his bankruptcy schedules, Slava Vaysman discloses multiple unsecured creditors who hold claims that arose before he transferred his interests in the Sandstone Property and the McRae Property to Zhannah Vaysman.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 46 of Plaintiff's Complaint.

47. Among these pre-existing creditors is Navient, which Slava Vaysman lists as having a claim of $22,944 that arose on December 26, 2006.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 47 of Plaintiff's Complaint.

48. On his bankruptcy schedules, Slava Vaysman discloses that as of September 1, 2023, his assets—not including "equity" in his former residence, the McRae Property—were worth $206.50.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 48 of Plaintiff's Complaint.

49. On his statement of financial affairs, as amended, the only significant asset transfers in the two years before bankruptcy that Slava Vaysman identifies are the real estate transfers to Zhannah Vaysman and a $10,000 gift to Tatiana Bazer.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 49 of Plaintiff's Complaint.

50. On his bankruptcy schedules, Slava Vaysman discloses that as of September 1, 2023, his liabilities totaled $402,810.02.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 50 of Plaintiff's Complaint.

51. Of these total liabilities, Slava Vaysman incurred $395,382 before he transferred his interest in the Sandstone Property on December 22, 2021.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 51 of Plaintiff's Complaint.

52. Excluding the Sandstone Property or the McRae Property, at no point between December 22, 2021, and September 1, 2023, did the value of Slava Vaysman's assets exceed the amount of his liabilities.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 52 of Plaintiff's Complaint.

53. The Trustee serves as the duly appointed chapter 7 trustee for Slava Vaysman's bankruptcy estate.

ANSWER: The Defendant admits this allegation.

### COUNT 1: AVOIDANCE AND RECOVERY OF THE SANDSTONE PROPERTY TRANSFER.

54. The Trustee incorporates the allegations in paragraphs 1 to 53 above into this count.

ANSWER: The Defendant reincorporates her answers to paragraphs 1 to 53 above.

55. Within two years before he filed for bankruptcy, Slava Vaysman transferred his interest in the Sandstone Property to Zhannah Vaysman.

ANSWER: The Defendant admits these allegations.

56. The value of the interest that Slava Vaysman transferred to Zhannah Vaysman was $43,502.98.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 56 of Plaintiff's Complaint.

57. Slava Vaysman did not receive any value from Zhannah Vaysman or any other person or entity in exchange for transferring his interest in the Sandstone Property to Zhannah Vaysman.

ANSWER: The Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. When Slava Vaysman transferred his interest in the Sandstone Property to Zhannah Vaysman, he was insolvent.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 58 of Plaintiff's Complaint.

59. Zhannah Vaysman is an insider of Slava Vaysman.

ANSWER: The Defendant admits Paragraph 59 of Plaintiff's Complaint.

60. The Sandstone Property was a significant portion of Slava Vaysman's assets.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 60 of Plaintiff's Complaint.

61. Contemporaneously with Slava Vaysman's transfer of his interest in the Sandstone Property to Zhannah Vaysman, Zhannah Vaysman granted Lyudmila Vaysman a mortgage in the Sandstone Property and promised to pay Lyudmila $73,597.62.

ANSWER: The Defendant denies that the alleged transfer and mortgage were contemptuous.

62. On information and belief, Zhannah Vaysman paid Lyudmila Vaysman the $73,597.62.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 62 of Plaintiff's Complaint.

63. All the value that Zhannah Vaysman provided in exchange for Slava Vaysman's interest was given to Lyudmila Vaysman.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 63 of Plaintiff's Complaint.

**Wherefore**, the Defendant requests that the relief sought by the Plaintiff be denied and granting any additional relief that is appropriate under the circumstances.

### COUNT 2: AVOIDANCE AND RECOVERY OF THE MCRAE PROPERTY TRANSFER.

64. The Trustee incorporates the allegations in paragraphs 1 to 53 above into this count.

ANSWER: The Defendant reincorporates her answers to paragraphs 1 to 53 above.

65. Within two years before he filed for bankruptcy, Slava Vaysman transferred his interest in the McRae Property to Zhannah Vaysman.

ANSWER: The Defendant admits this allegation.

66. The value of the interest that Slava Vaysman transferred to Zhannah Vaysman was, at a minimum, between $52,500 and $65,738.52.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 66 of Plaintiff's Complaint.

67. Slava Vaysman did not receive any value from Zhannah Vaysman or any other person or entity in exchange for transferring his interest in the McRae Property to Zhannah Vaysman.

ANSWER: The Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. When Slava Vaysman transferred his interest in the McRae Property to Zhannah Vaysman, he was insolvent.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 68 of Plaintiff's Complaint.

69. Zhannah Vaysman is an insider of Slava Vaysman.

ANSWER: The Defendant admits this allegation.

70. The McRae Property was a substantially all of Slava Vaysman's assets.

ANSWER: The Defendant has insufficient knowledge to answer Paragraph 70 of Plaintiff's Complaint.

**Wherefore**, the Defendant requests that the relief sought by the Plaintiff be denied and granting any additional relief that is appropriate under the circumstances.

JOSEPH E. COHEN
GINA B. KROL
COHEN & KROL
790 Estate Drive
Suite 180
Deerfield, IL 60015
312/368-0300
jcohen@cohenandkrol.com

BY:  /s/  *Joseph E. Cohen*
Attorney for Defendant